IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>      v.<br><br>INSTITUT PASTEUR<br>25-28 Rue du Dr. Roux<br>75724 Paris, France<br><br>and<br><br>CENTRE NATIONALE DE LA RECHERCHE SCIENTIFIQUE<br>3 rue Michel-Ange<br>75794 Paris, France,<br><br>                    Defendants. | Civil Action No: |

**COMPLAINT FOR REVIEW OF INTERFERENCE DETERMINATION
PURSUANT TO 35 U.S.C. SECTION 146**

Plaintiff, the United States of America, through their undersigned attorneys, complain against Defendants Institut Pasteur and Centre Nationale de la Recherche Scientifique as follows:

**NATURE OF ACTION**

1. This is an action under 35 U.S.C. § 146 to review decisions of the Board of Patent Appeals and Interferences (the "Board") of the United States Patent and Trademark Office ("PTO") in a patent interference. Specifically, this action seeks review of the "Decision on Preliminary Motions - 37 CFR § 41.125" (Paper 111), dated September 1, 2006, the "Decision on Chang Request for Rehearing" (Paper 122), dated December 26, 2006, the "Decision-Priority-

Bd.R. 125(a)" (Paper 139), dated September 28, 2007 and the "Judgment-Merits-Bd.R. 127" (Paper 140), dated September 28, 2007, entered by the Board in Patent Interference No. 105,290 ("the '290 Interference"). Pursuant to the PTO's Decision on Request under 37 C.F.R. § 1.304(a)(3)(i), the time period for filing a civil action for remedy regarding these determinations was extended to January 28, 2008. This complaint, therefore, is timely filed.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction of this action under 28 U.S.C. §§ 1331 & 1338 and 35 U.S.C. § 146. This Court has personal jurisdiction over Defendant Institut Pasteur and Defendant Centre Nationale de la Recherche Scientifique pursuant to 35 U.S.C. § 146. Venue is proper in this district under 28 U.S.C. § 1391(d) and 35 U.S.C. § 146.

## PARTIES

3. Plaintiff is the United States of America ("United States"). Pursuant to 35 U.S.C. § 146, the records of the PTO indicate that a real party in interest, at the time of the decisions complained of, was the United States, as represented by the Secretary of the Department of Health and Human Services ("DHHS"). DHHS' interests in this matter originate with activities involving the National Institutes of Health, which is an agency within DHHS.

4. On information and belief, defendant Institut Pasteur ("Pasteur") is a private foundation established under the laws of France, with headquarters at 25-28 Rue du Dr. Roux, 75724 Paris, France.

5. On information and belief, defendant Centre Nationale de la Recherche Scientifique ("CNRS") is a public research organization formed under the French Ministry of Research, with headquarters at 3 rue Michel-Ange, 75794 Paris, France.

## THE PATENT INTERFERENCE

6. The United States, as represented by the Secretary of DHHS, is the owner (by assignment) of the entire right, title and interest in and to U.S. Patent Application No. 06/693,866 (filed January 23, 1985), entitled "Cloning And Expression Of HTLV-III DNA" ("the Chang '866 Application"). The named inventors are Dr. Nancy T. Chang, Robert C. Gallo, and Flossie Wong-Staal (collectively referred to as "Chang, et al.").

7. On information and belief, Pasteur and CNRS are the owners of the entire right, title and interest in and to the inventions disclosed in U.S. Patent Application No. 07/999,410 (filed December 31, 1992) ("the Alizon '410 Application"), entitled "Cloned DNA Sequences, Hybridizable with Genomic RNA of Lymphadenopathy-Associated Virus (LAV)." The named inventors of this application are Marc Alizon, Françoise Barré Sinoussi, Pierre Sonigo, Pierre Tiollais, Jean-Claude Chermann, Luc Montagnier, and Simon Wain-Hobson (collectively referred to as "Alizon, et al.").

8. On February 28, 2005, the Board declared and instituted the '290 Interference between the Chang '866 Application and the Alizon '410 Application, based on subject matter defined by a single count, Count 1.

9. The Board held that the claims of the parties corresponding to Count 1 of the '290 Interference are claims 75-81 of the Chang '866 Application and claims 44-46, 48 and 49 of the Alizon '410 Application.

10. On September 1, 2006, the Board issued its "Decision on Preliminary Motions - 37 CFR § 41.125" (Paper 111) that erroneously denied five of Chang, et al.'s preliminary motions. More specifically, the Board erroneously denied: (i) Chang Motion 3 for judgment against Alizon under 35 U.S.C. §§ 102 and/or 103 based upon the August, 1984 Arya, et al. article in *Science*, either alone or in view of related prior art; (ii) Chang Motion 4 to deny Alizon

3

benefit of its non-recombinant priority applications, specifically U.S. Patent Application No. 06/558,109 (filed December 5, 1983), South African Patent Application No. 84/7005 (filed September 6, 1984), Canadian Patent Application No. 443,605 (filed December 19, 1983), and U.S. Patent Application No. 06/706,562 (filed February 28, 1985), because these applications fail to describe and enable a constructive reduction to practice of an embodiment within the scope of Count 1; (iii) Chang Motion 5 to deny Alizon benefit of its recombinant priority applications, specifically United Kingdom Patent Application No. 8423659 (filed September 19, 1984), U.S. Patent Application No. 06/771,230 (filed August 30, 1985), and U.S. Patent Application No. 07/449,210 (filed March 19, 1990), because these applications fail to describe and enable a constructive reduction to practice of an embodiment within the scope of Count 1; (iv) Chang Motion 6 for judgment against Alizon because Alizon's '410 Application fails to comply with the written description and enablement requirements of 35 U.S.C. § 112 for Alizon's interfering claims, and (v) Chang Motion 7 that Chang be accorded priority benefit of its U.S. Patent Application No. 06/643,306 (filed August 22, 1984) for Count 1 of the interference.

11.     On December 26, 2006, the Board issued its "Decision on Chang Request for Rehearing" (Paper 122) that erroneously denied Chang, et al.'s request for reconsideration of the Board's denial of Chang, et al.'s Motions 3, 4, 5, and 7 from the "Decision on Preliminary Motions - 37 CFR § 41.125" (Paper 111).

12.     On September 28, 2007, the Board issued its "Decision on Priority - Bd.R. 125(a)" (Paper 139) which erroneously denied Chang, et al.'s priority motion and found, contrary to fact, that Chang had not established that it conceived an invention within the scope of Count 1 before the earliest priority benefit date accorded to Alizon et al. (December 5, 1983) and Chang was not entitled to judgment based upon priority of invention.

4

13. On September 28, 2007, the Board issued and entered its "Judgment - Merits - Bd.R. 127" (Paper 140) in the '290 Interference adverse to Chang, et al., and favorable to Alizon, et al., which erroneously ordered, contrary to fact and law, that:

   a. Priority as to Count 1 be entered against Chang, et al.; and

   b. Chang, et al. is not entitled to a patent containing claims 75-81 of its '866 Application.

14. The United States, as the real party-in-interest, is dissatisfied with the determinations of the Board in the '290 Interference. The rulings and judgment of the Board in its "Decision on Preliminary Motions - 37 CFR § 41.125" (dated September 1, 2006), its "Decision on Chang Request for Rehearing" (dated December 26, 2006), its "Decision - Priority - Bd.R. 125(a)" (dated September 28, 2007) and its "Judgment - Merits - Bd.R. 127" (dated September 28, 2007) in the '290 Interference were erroneous.

15. The United States is entitled to a judgment correcting the erroneous judgment and rulings of the Board, based on the record before the Board and any additional evidence that the United States may introduce in this action.

16. United States is furthermore entitled to a judgment based upon priority of invention, since Chang, et al. was the first to invent the subject matter of Count 1 in the '290 Interference.

WHEREFORE, United States demand judgment that:

   A. The Board's "Decision on Preliminary Motions - 37 CFR § 41.125" (dated September 1, 2006), "Decision on Chang's Request for Rehearing" (dated December 26, 2006), "Decision - Priority - Bd.R. 125(a)" (dated September 28, 2007), and "Judgment - Merits - Bd.R. 127" (dated September 28, 2007) in the '290 Interference be reversed and vacated;

B. The claims of the Alizon '410 Application are unpatentable under 35 U.S.C. §§ 102 and/or 103 based upon the August, 1984 Arya, et al. article in *Science*, either alone or in view of related prior art;

C. Alizon, et al. are not entitled to the benefit of their non-recombinant U.S. Patent Application No. 06/558,109 (filed December 5, 1983), South African Patent Application No. 84/7005 Application (filed September 6, 1984), Canadian Patent Application No. 443,605 (filed December 19, 1983), and U.S. Patent Application No. 06/706,562 (filed February 28, 1985) because these applications fail to describe and enable a constructive reduction to practice of an embodiment within the scope of Count 1;

D. Alizon, et al. are not entitled to the benefit of their recombinant United Kingdom Patent Application No. 8423659 (filed September 19, 1984), United States Patent Application No. 06/771,230 (filed on August 30, 1985), and United States Patent Application No. 07/449,210 (filed March 19, 1990) because these applications fail to describe and enable a constructive reduction to practice of an embodiment within the scope of Count 1;

E. The claims of Alizon's '410 Application are unpatentable for failure to comply with the written description and enablement requirements of 35 U.S.C. § 112;

F. Chang, et al. are entitled to benefit of U.S. Patent Application No. 06/643,306 (filed August 22, 1984) for the subject matter of Count 1;

G. Chang, et al. be awarded priority as to Count 1 and entitled to a patent containing claims embodying Count 1 and all claims in the interference corresponding to Count 1;

H. Alizon et al. are not entitled to a patent on claims 44-46, 48 and 49 of the Alizon '410 Application;

  I. Costs and attorneys fees be awarded in favor of the United States against Defendants; and

  J. The United States is granted such other and further relief as may be appropriate.

Dated: January 25, 2008      Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney

KEITH V. MORGAN
Assistant United States Attorney
555 4th Street, N.W.
Room E4814
Washington, D.C. 20530

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JOHN FARGO
Director

/s/ Walter W. Brown
WALTER W. BROWN
Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
1100 L Street, NW
Room 11128
Washington, D.C. 20530
Telephone: (202) 307-0341
Facsimile: (202) 307-0345
E-mail: walter.brown2@usdoj.gov

Attorneys for the United States

# CIVIL COVER SHEET

JS-44
(Rev. 2/01 DC)

**I (a) PLAINTIFFS**

United States of America

11001

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** _____
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c) ATTORNEYS** (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

WALTER W. BROWN
Attorney
Commercial Litigation Branch, Civil Division
U.S. Department of Justice, 1100 L Street, NW, Room 11128, Washington, D.C. 20530
Telephone: (202) 307-0341

**DEFENDANTS**

INSTITUT PASTEUR
25-28 Rue du Dr. Roux
75724 Paris, France

CENTRE NATIONALE DE LA RECHERCHE SCIENTIFIQUE
3 rue Michel-Ange
75794 Paris, France

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** France
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: In land condemnation cases...

Case: 1:08-cv-00161
Assigned To : Roberts, Richard W.
Assign. Date : 1/25/2008
Description: General Civil

**II BASIS OF JURISDICTION** (SELECT ONE BOX ONLY)

- ● 1 U.S. Government Plaintiff
- ○ 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (FOR DIVERSITY CASES ONLY!) (SELECT ONE FOR PLAINTIFF AND ONE FOR DEFENDANT)

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Select one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**○ A. Antitrust**

☐ 410 Antitrust

**○ B. Personal Injury/Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**○ C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**● E. General Civil (Other)** OR **○ F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☒ 830 Patent
☐ 840 Trademark

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant)
☐ 871 IRS-Third Party 26 USC 7609

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act)

| ○ G. Habeas Corpus/2255 | ○ H. Employment Discrimination | ○ I. FOIA/PRIVACY ACT | ○ J. Student Loan |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability, age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. Labor/ERISA (non-employment) | ○ L. Other Civil Rights (non-employment) | ○ M. Contract | ○ N. Three-Judge Court |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

V. ORIGIN
- ● 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
35 U.S.C. § 146. This action seeks review of certain decisions of the Board of Patent Appeals and Interferences of the PTO in a patent interference.

VII. REQUESTED IN COMPLAINT    CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____    Select YES only if demanded in complaint    JURY DEMAND: ☐ YES ☒ NO

VIII. RELATED CASE(S) IF ANY    (See instruction)    ☒ YES    ☐ NO    If yes, please complete related case form.

DATE  1/25/08        SIGNATURE OF ATTORNEY OF RECORD  _Walter W. Brown_

INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

