IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>     v.<br><br>INSTITUT PASTEUR<br>25-28 Rue du Dr. Roux<br>75724 Paris, France<br><br>and<br><br>CENTRE NATIONALE DE LA RECHERCHE SCIENTIFIQUE<br>3 rue Michel-Ange<br>75794 Paris, France,<br><br>                    Defendants. | Civil Action No: |

**COMPLAINT FOR REVIEW OF INTERFERENCE DETERMINATION
PURSUANT TO 35 U.S.C. SECTION 146**

Plaintiff, the United States of America, through their undersigned attorneys, complain against Defendants Institut Pasteur and Centre Nationale de la Recherche Scientifique as follows:

**NATURE OF ACTION**

1. This is an action under 35 U.S.C. § 146 to review decisions of the Board of Patent Appeals and Interferences (the "Board") of the United States Patent and Trademark Office ("PTO") in a patent interference. Specifically, this action seeks review of the "Decision on Preliminary Motions - 37 CFR § 41.125" (Paper 111), dated September 1, 2006, the "Decision on Chang Request for Rehearing" (Paper 122), dated December 26, 2006, the "Decision-Priority-

Bd.R. 125(a)" (Paper 139), dated September 28, 2007 and the "Judgment-Merits-Bd.R. 127" (Paper 140), dated September 28, 2007, entered by the Board in Patent Interference No. 105,290 ("the '290 Interference"). Pursuant to the PTO's Decision on Request under 37 C.F.R. § 1.304(a)(3)(i), the time period for filing a civil action for remedy regarding these determinations was extended to January 28, 2008. This complaint, therefore, is timely filed.

## JURISDICTION AND VENUE

2.  This Court has subject matter jurisdiction of this action under 28 U.S.C. §§ 1331 & 1338 and 35 U.S.C. § 146. This Court has personal jurisdiction over Defendant Institut Pasteur and Defendant Centre Nationale de la Recherche Scientifique pursuant to 35 U.S.C. § 146. Venue is proper in this district under 28 U.S.C. § 1391(d) and 35 U.S.C. § 146.

## PARTIES

3.  Plaintiff is the United States of America ("United States"). Pursuant to 35 U.S.C. § 146, the records of the PTO indicate that a real party in interest, at the time of the decisions complained of, was the United States, as represented by the Secretary of the Department of Health and Human Services ("DHHS"). DHHS' interests in this matter originate with activities involving the National Institutes of Health, which is an agency within DHHS.

4.  On information and belief, defendant Institut Pasteur ("Pasteur") is a private foundation established under the laws of France, with headquarters at 25-28 Rue du Dr. Roux, 75724 Paris, France.

5.  On information and belief, defendant Centre Nationale de la Recherche Scientifique ("CNRS") is a public research organization formed under the French Ministry of Research, with headquarters at 3 rue Michel-Ange, 75794 Paris, France.

## THE PATENT INTERFERENCE

6. The United States, as represented by the Secretary of DHHS, is the owner (by assignment) of the entire right, title and interest in and to U.S. Patent Application No. 06/693,866 (filed January 23, 1985), entitled "Cloning And Expression Of HTLV-III DNA" ("the Chang '866 Application"). The named inventors are Dr. Nancy T. Chang, Robert C. Gallo, and Flossie Wong-Staal (collectively referred to as "Chang, et al.").

7. On information and belief, Pasteur and CNRS are the owners of the entire right, title and interest in and to the inventions disclosed in U.S. Patent Application No. 07/999,410 (filed December 31, 1992) ("the Alizon '410 Application"), entitled "Cloned DNA Sequences, Hybridizable with Genomic RNA of Lymphadenopathy-Associated Virus (LAV)." The named inventors of this application are Marc Alizon, Françoise Barré Sinoussi, Pierre Sonigo, Pierre Tiollais, Jean-Claude Chermann, Luc Montagnier, and Simon Wain-Hobson (collectively referred to as "Alizon, et al.").

8. On February 28, 2005, the Board declared and instituted the '290 Interference between the Chang '866 Application and the Alizon '410 Application, based on subject matter defined by a single count, Count 1.

9. The Board held that the claims of the parties corresponding to Count 1 of the '290 Interference are claims 75-81 of the Chang '866 Application and claims 44-46, 48 and 49 of the Alizon '410 Application.

10. On September 1, 2006, the Board issued its "Decision on Preliminary Motions - 37 CFR § 41.125" (Paper 111) that erroneously denied five of Chang, et al.'s preliminary motions. More specifically, the Board erroneously denied: (i) Chang Motion 3 for judgment against Alizon under 35 U.S.C. §§ 102 and/or 103 based upon the August, 1984 Arya, et al. article in *Science*, either alone or in view of related prior art; (ii) Chang Motion 4 to deny Alizon

3

benefit of its non-recombinant priority applications, specifically U.S. Patent Application No. 06/558,109 (filed December 5, 1983), South African Patent Application No. 84/7005 (filed September 6, 1984), Canadian Patent Application No. 443,605 (filed December 19, 1983), and U.S. Patent Application No. 06/706,562 (filed February 28, 1985), because these applications fail to describe and enable a constructive reduction to practice of an embodiment within the scope of Count 1; (iii) Chang Motion 5 to deny Alizon benefit of its recombinant priority applications, specifically United Kingdom Patent Application No. 8423659 (filed September 19, 1984), U.S. Patent Application No. 06/771,230 (filed August 30, 1985), and U.S. Patent Application No. 07/449,210 (filed March 19, 1990), because these applications fail to describe and enable a constructive reduction to practice of an embodiment within the scope of Count 1; (iv) Chang Motion 6 for judgment against Alizon because Alizon's '410 Application fails to comply with the written description and enablement requirements of 35 U.S.C. § 112 for Alizon's interfering claims, and (v) Chang Motion 7 that Chang be accorded priority benefit of its U.S. Patent Application No. 06/643,306 (filed August 22, 1984) for Count 1 of the interference.

11.   On December 26, 2006, the Board issued its "Decision on Chang Request for Rehearing" (Paper 122) that erroneously denied Chang, et al.'s request for reconsideration of the Board's denial of Chang, et al.'s Motions 3, 4, 5, and 7 from the "Decision on Preliminary Motions - 37 CFR § 41.125" (Paper 111).

12.   On September 28, 2007, the Board issued its "Decision on Priority - Bd.R. 125(a)" (Paper 139) which erroneously denied Chang, et al.'s priority motion and found, contrary to fact, that Chang had not established that it conceived an invention within the scope of Count 1 before the earliest priority benefit date accorded to Alizon et al. (December 5, 1983) and Chang was not entitled to judgment based upon priority of invention.

4

13. On September 28, 2007, the Board issued and entered its "Judgment - Merits - Bd.R. 127" (Paper 140) in the '290 Interference adverse to Chang, et al., and favorable to Alizon, et al., which erroneously ordered, contrary to fact and law, that:

    a. Priority as to Count 1 be entered against Chang, et al.; and

    b. Chang, et al. is not entitled to a patent containing claims 75-81 of its '866 Application.

14. The United States, as the real party-in-interest, is dissatisfied with the determinations of the Board in the '290 Interference. The rulings and judgment of the Board in its "Decision on Preliminary Motions - 37 CFR § 41.125" (dated September 1, 2006), its "Decision on Chang Request for Rehearing" (dated December 26, 2006), its "Decision - Priority - Bd.R. 125(a)" (dated September 28, 2007) and its "Judgment - Merits - Bd.R. 127" (dated September 28, 2007) in the '290 Interference were erroneous.

15. The United States is entitled to a judgment correcting the erroneous judgment and rulings of the Board, based on the record before the Board and any additional evidence that the United States may introduce in this action.

16. United States is furthermore entitled to a judgment based upon priority of invention, since Chang, et al. was the first to invent the subject matter of Count 1 in the '290 Interference.

WHEREFORE, United States demand judgment that:

    A. The Board's "Decision on Preliminary Motions - 37 CFR § 41.125" (dated September 1, 2006), "Decision on Chang's Request for Rehearing" (dated December 26, 2006), "Decision - Priority - Bd.R. 125(a)" (dated September 28, 2007), and "Judgment - Merits - Bd.R. 127" (dated September 28, 2007) in the '290 Interference be reversed and vacated;

5

B.  The claims of the Alizon '410 Application are unpatentable under 35 U.S.C. §§ 102 and/or 103 based upon the August, 1984 Arya, et al. article in *Science*, either alone or in view of related prior art;

C.  Alizon, et al. are not entitled to the benefit of their non-recombinant U.S. Patent Application No. 06/558,109 (filed December 5, 1983), South African Patent Application No. 84/7005 Application (filed September 6, 1984), Canadian Patent Application No. 443,605 (filed December 19, 1983), and U.S. Patent Application No. 06/706,562 (filed February 28, 1985) because these applications fail to describe and enable a constructive reduction to practice of an embodiment within the scope of Count 1;

D.  Alizon, et al. are not entitled to the benefit of their recombinant United Kingdom Patent Application No. 8423659 (filed September 19, 1984), United States Patent Application No. 06/771,230 (filed on August 30, 1985), and United States Patent Application No. 07/449,210 (filed March 19, 1990) because these applications fail to describe and enable a constructive reduction to practice of an embodiment within the scope of Count 1;

E.  The claims of Alizon's '410 Application are unpatentable for failure to comply with the written description and enablement requirements of 35 U.S.C. § 112;

F.  Chang, et al. are entitled to benefit of U.S. Patent Application No. 06/643,306 (filed August 22, 1984) for the subject matter of Count 1;

G.  Chang, et al. be awarded priority as to Count 1 and entitled to a patent containing claims embodying Count 1 and all claims in the interference corresponding to Count 1;

H.  Alizon et al. are not entitled to a patent on claims 44-46, 48 and 49 of the Alizon '410 Application;

      I.      Costs and attorneys fees be awarded in favor of the United States against Defendants; and

      J.      The United States is granted such other and further relief as may be appropriate.

Dated: January 25, 2008

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney

KEITH V. MORGAN
Assistant United States Attorney
555 4th Street, N.W.
Room E4814
Washington, D.C. 20530

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JOHN FARGO
Director

*/s/ Walter W. Brown*

WALTER W. BROWN
Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
1100 L Street, NW
Room 11128
Washington, D.C. 20530
Telephone: (202) 307-0341
Facsimile: (202) 307-0345
E-mail: walter.brown2@usdoj.gov

Attorneys for the United States