UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>v.<br><br>INSTITUT PASTEUR<br>25-28 Rue du Docteur Roux<br>75724 Paris, France<br><br>and<br><br>CENTRE NATIONALE DE LA RECHERCHE<br>SCIENTIFIQUE<br>3 Rue Michel-Ange<br>75794 Paris, France,<br><br>                Defendants. | Case No. 1:08CV0161 (RWR) |

## ANSWER

Defendants Institut Pasteur and Centre Nationale de la Recherche Scientifique (collectively "Defendants") in answer to the allegations of the Complaint plead as follows:

1. Admitted.

2. Admitted.

3. Defendants admit that the Plaintiff named in the Complaint is the United States of America, and that the records of the PTO, at the time of the decisions complained of, indicated that one of the two real parties in interest of U.S. Patent Application No. 06/693,866, one application at issue in the decisions complained of, was the United States, as represented by the Secretary of the Department of Health and Human Services. Defendants are without knowledge

or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 3.

    4.    Admitted.

    5.    Admitted.

    6.    Defendants admit that the inventors named in U.S. Patent Application No. 06/693,866 are Dr. Nancy T. Chang, Robert C. Gallo, and Flossie Wong-Staal. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 6.

    7.    Admitted.

    8.    Admitted.

    9.    Admitted.

    10.    Defendants admit that the Board issued its "Decision on Preliminary Motions - 37 CFR § 41.125" on September 1, 2006, and that the Board denied five of Chang et al.'s preliminary motions. Defendants deny that the denial of Chang's motions was erroneous.

    11.    Defendants admit that the Board issued its "Decision on Chang Request for Rehearing" on December 26, 2006, and that the Board denied Chang's request for reconsideration of the Board's denial of Chang et al.'s Motions 3, 4, 5, and 7 from the "Decision on Preliminary Motions - 37 CFR § 41.125." Defendants deny that the denial of Chang's request was erroneous.

    12.    Defendants admit that the Board issued its "Decision on Priority - Bd.R. 125(a)" on September 28, 2007" in which it denied Chang et al.'s priority motion and found that Chang had not established that it conceived an invention within the scope of Count 1 before the earliest priority benefit date accorded to Alizon et al. (December 5, 1983) and Chang was not entitled to

judgment based upon priority of invention. Defendants deny that the decision was erroneous or contrary to fact.

13. Defendants admit that the Board issued and entered its "Judgment - Merits - Bd.R. 127" on September 28, 2007 in the '290 Interference adverse to Chang et al., and favorable to Alizon et al. Defendants further admit that the Judgment ordered priority as to Count 1 be entered against Chang et al. and that Chang et al. is not entitled to a patent containing claims 75-81 of its '866 Application. Defendants deny that the order was erroneous or contrary to fact and law.

14. Defendants admit that the United States is dissatisfied with the determination of the Board in the '290 Interference. Defendants deny that the rulings and judgment of the Board in its "Decision on Preliminary Motions - 37 CFR § 41.125" (dated September 1, 2006), its "Decision on Chang Request for Rehearing" (dated December 26, 2006), its "Decision - Priority - Bd.R. 125(a)" (dated September 28, 2007) and its "Judgment - Merits - Bd.R. 127" (dated September 28, 2007) in the '290 Interference were erroneous.

15. Defendants deny that the United States is entitled to a judgment correcting the erroneous judgment and rulings of the Board, based on the record before the Board and any additional evidence that the United States may introduce in this action.

16. Defendants deny that the United States is entitled to a judgment based on priority of invention and that Chang et al. was first to invent the subject matter of Count 1 in the '290 Interference.

## AFFIRMATIVE DEFENSES

**FIRST DEFENSE: ESTOPPEL**

17. The '290 Interference was initiated by the Board on February 28, 2005, between the Chang application (U.S. Application No. 06/693,866) and the Alizon application (U.S. Application No. 07/999,410). The Board rendered (1) its "Decision on Preliminary Motions - 37 CFR § 41.125" on September 1, 2006, (2) its "Decision on Chang Request for Rehearing" on December 26, 2006, (3) its "Decision on Priority - Bd.R. 125(a)" on September 28, 2007, and (4) its "Judgment - Merits - Bd.R. 127" on September 28, 2007, limited portions of which have been appealed by Plaintiff in the instant action pursuant to 35 U.S.C. § 146.

18. The evidence presented by Plaintiff before the Board was clearly deficient to support the relief now sought before this Court. On information and belief, Plaintiff knew or should have known of those deficiencies. For example, from the earliest stage of the interference proceeding, Plaintiff knew or should have known that they had the burden to make a *prima facie* case in support of its motions. Similarly, in the priority phase, Plaintiff knew or should have known that it had the burden to prove a priority date earlier than Alizon's constructive reduction to practice.

19. On information and belief, Plaintiff submitted motions and priority proofs to the Board that were not supported by the requisite evidence to support the allegations now pursued before this Court.

20. Plaintiff is estopped by virtue of its conduct before the Board from seeking to discover or introduce in this Court any additional evidence not introduced before the Board.

**SECOND DEFENSE: NO INTERFERENCE-IN-FACT**

21. Before the Board, Defendants timely moved for judgment that there is no interference-in-fact between Alizon's involved claims and Chang's involved claims (Alizon Motion 1). That motion was denied by the Board.

22. Should the Court reverse the Board's rulings in favor of Defendants, the Court should reverse the Board's ruling on Alizon Motion 1, such that judgment is entered of no interference-in-fact between Alizon's claims involved in the interference and Chang's claims involved in the interference.

**THIRD DEFENSE: DENIAL OF BENEFIT**

23. Before the Board, Defendants timely moved that Chang be denied benefit of U.S. Application No. 06/659,339 ("the '339 application"), filed October 10, 1984, for failure to comply with the written description of 35 U.S.C. § 112 (Alizon Motion 4). That motion was denied by the Board.

24. Should the district court reverse the Board's rulings in favor of Defendants, the Court should reverse the Board's ruling on Alizon Motion 4, such that Chang is denied benefit of its application filed October 10, 1984.

**REQUESTS FOR RELIEF**

Defendants deny that Plaintiff is entitled to any of the relief demanded in its Complaint.

Defendants respectfully request that this Court:

A. Dismiss with prejudice the Complaint;

B. Affirm the Board's appealed "Decision on Preliminary Motions - 37 CFR § 41.125" dated September 1, 2006, "Decision on Chang Request for Rehearing" dated

December 26, 2006, "Decision on Priority - Bd.R. 125(a)" dated September 28, 2007, and "Judgment - Merits - Bd.R. 127" dated September 28, 2007 in the '290 Interference;

      C.      Affirm the Board's decision that Alizon's '410 Application claims are not unpatentable under 35 U.S.C. § 102 and/or 103 based upon the August 1984 Arya et al. article in *Science,* either alone or in view of related prior art (Chang Motion 3);

      D.      Affirm the Board's decision that Alizon's application is entitled to the benefit of its four earlier filed patent applications filed December 5, 1983, December 19, 1983, September 6, 1984, and February 28, 1985 (Chang Motion 4);

      E.      Affirm the Board's decision that Alizon's application is entitled to the benefit of its three earlier filed patent applications filed September 19, 1984, August 30, 1985, and March 19, 1990 (Chang Motion 5);

      F.      Affirm the Board's decision that the claims in Alizon's '410 Application are not unpatentable under 35 U.S.C. § 112, first paragraph (Chang Motion 6);

      G.      Affirm the Board's decision that Chang's application is not entitled to benefit of its earlier application filed August 22, 1984 (Chang Motion 7);

      H.      Affirm the Board's decision awarding priority to Defendants;

      I.      Hold that Plaintiff is estopped from seeking discovery of and introducing additional evidence relating to allegations pursued before this Court;

      J.      In the event the Court reverses the Board's ruling in favor of Defendants, hold that there is no interference-in-fact between Alizon's involved claims and Chang's involved claims.

      K.      In the event the Court reverses the Board's ruling in favor of Defendants, hold that Chang is denied benefit of its application filed October 10, 1984.

L.     Enter such other and further relief as the Court deems just and proper.

        Respectfully requested,

        INSTITUT PASTEUR AND CENTRE
        NATIONALE DE LA RECHERCHE
        SCIENTIFIQUE

        By:  /s/ Lara C. Kelley
        Lara C. Kelley, D.C. Bar #467837
        FINNEGAN, HENDERSON, FARABOW,
         GARRETT & DUNNER, L.L.P.
        901 New York Avenue, N.W.
        Washington, DC  20001-4413
        Phone:  (202) 408-4000
        Fax:  (202) 408-4400

        Attorney for Defendants

        Dated:  February 20, 2008